Seth B. Herring (SBN 253907)
Email: sherring@reedsmith.com
Katrina M. Kershner (SBN 294045)
Email: kkershner@reedsmith.com
Eryn N. Terry (SBN 340865)
Email: eterry@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for
BENEFIT COSMETICS LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENEFIT COSMETICS LLC,<br><br>              Plaintiff,<br><br>    vs.<br><br>E.L.F. COSMETICS, INC.<br><br>              Defendant. | Case No.: _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** |

## **COMPLAINT**

Plaintiff Benefit Cosmetics LLC ("Benefit" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant e.l.f. Cosmetics, Inc. ("e.l.f." or "Defendant"), alleges as follows:

## **NATURE OF ACTION**

1.      This is an action against Defendant for unauthorized use of trademarks and trade dress in a manner that violates Benefit's trademark rights in its ROLLER LASH and HOOK 'N' ROLL trademarks and associated trade dress (collectively, the "Benefit IP"). The relevant trade dress is that associated with Benefit's "Roller Lash" mascara, consisting of 1) a pink top, 2) a black base, and 3) pink lettering on the black portion of the product which matches the color of the pink top (the "Roller Lash Trade Dress").

– 1 –

2.     The conduct at issue constitutes trademark infringement, trade dress infringement, false designation of origin, and unfair competition. This action is brought under federal law for Trademark Infringement (15 U.S.C. § 1114); False Designation of Origin (15 U.S.C. § 1125(a)); and Trade Dress Infringement (15 U.S.C. § 1125(a)); and under California law for California Common Law Trademark Infringement; and Unfair Competition (Cal. Bus. & Prof. Code § 17200).

3.     Defendant markets, offers, and sells a variety of makeup and cosmetics products under the e.l.f. brand, including mascara. Defendant has adopted branding on its mascara product and packaging that infringes Plaintiff's well-established ROLLER LASH and HOOK 'N' ROLL trademarks and copies the Roller Lash Trade Dress. Specifically, e.l.f.'s "Lash 'N Roll" mascara, which features 1) a pink top, 2) a black base, and 3) pink lettering on the black portion of the product which matches the color of the pink top, copies Plaintiff's Roller Lash Trade Dress and infringes on its ROLLER LASH and HOOK 'N' ROLL trademarks used on Plaintiff's Roller Lash mascara.

4.     Defendant's use of the mark LASH 'N ROLL infringes Plaintiff's ROLLER LASH mark. Defendant's use of the mark LASH 'N ROLL also infringes Plaintiff's HOOK 'N' ROLL mark. Additionally, Defendant's use of the mark LASH 'N ROLL on its mascara product combines Plaintiff's registered ROLLER LASH and HOOK 'N' ROLL trademarks, which exacerbates the already high likelihood of confusion with each of the ROLLER LASH and HOOK 'N' ROLL marks. Defendant's use of LASH 'N ROLL is likely to confuse or deceive consumers into believing that Defendant's goods are affiliated with Plaintiff or originate from the same source.

5.     Benefit and Defendant sell their respective mascara and cosmetic products in the same channels of trade, and Defendant's blatant copying of the Benefit IP on its "Lash 'N Roll" mascara is likely to confuse or deceive consumers into believing that both Plaintiff's and Defendant's products are affiliated or originate from the same source.

## PARTIES

6.     Plaintiff Benefit Cosmetics LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 595 Market St., Floor 30 San Francisco, California 94105.

7.     Benefit is a global cosmetics brand and is one of the largest makeup and beauty retailers

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in the world. Founded in 1976 by Jane and Jean Ford, Benefit's products are sold in over 55 countries and within the United States, including in the Northern District of California.

8.     On information and belief, Defendant e.l.f. Cosmetics, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 570 10th Street, 3rd Floor, Oakland, California 94607.

## JURISDICTION AND VENUE

9.     This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in the State of California, or conducts business in the State of California and this judicial district.

10.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1338(a)-(b) (actions arising under an Act of Congress relating to trademarks), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 15 U.S.C. § 1121 (actions arising under the Lanham Act), and 15 U.S.C. § 1051 et seq. (provisions of the Lanham Act).

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because this is the judicial district in which (i) a substantial part of the events or omissions giving rise to the claims occurred; and (ii) where Defendant resides or conducts business. Specifically, both Plaintiff and Defendant sell their competing mascara products in Ulta Beauty, Inc. ("Ulta") and Target Corporation ("Target") stores in this judicial district. Also, on information and belief, Defendant sells its infringing products online and through other retailers in this judicial district, and sells those products to consumers residing in this District. Additionally, both Plaintiff's and Defendant's principal places of business reside in this District.

## INTRA DISTRICT ASSIGNMENT

12.     Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## BENEFIT'S NOTORIETY IN THE BEAUTY INDUSTRY

13.     Benefit is a global beauty and cosmetics brand that has been in business since 1976. Twin sisters Jean and Jane Ford flipped a coin: "Heads" meant they would start a casserole café, and "tails" meant they would start a beauty brand. Tails won. The Ford sisters then moved from their small

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

town in Indiana to San Francisco to start what would become one of the world's leading cosmetics companies.

14.     In 1991, Benefit opened its first location inside department store in Henri Bendel, located in New York City. In 1997, Benefit went international with its expansion into Harrods in London. LVMH Moet Hennessy Louis Vuitton Inc. ("LVMH") acquired Benefit on September 14, 1999.

15.     Benefit distinguishes itself from other cosmetics retailers through its consistent quality and innovation. Benefit's products have become staples within the beauty industry, and the company maintains its brand reliability while continuing to revolutionize make-up trends and product technology.

16.     Benefit designs, manufactures, and sells a wide variety of cosmetic products, such as mascaras, bronzers, lipsticks, eyeshadow palettes, foundations, eyebrow gels, and skin primers, among many others.

17.     Benefit is well known for its use of a pink and black color scheme for several of its mascara products, as well as in its online and in-store marketing materials for those mascara products. Benefit's pink and black color scheme helps consumers to recognize the brand and identify Benefit's mascara products when shopping online and in stores.

18.     While Benefit has enjoyed significant success with all of its product types, it is well known for its brow and eye makeup products, such as its brow gels, mascaras, eyeliners, and brow pencils.

19.     Since its founding, Benefit has enjoyed continuous and significant growth, both in size as well as in sales and revenue.

20.     Benefit has received significant notoriety with respect to its mascara products, winning numerous awards from Popsugar, Allure, Women's Health, Glamour, and US Weekly, among others.

21.     Benefit is the number one prestige mascara brand in the United States.[1]

[1] Source: The NPD Group/U.S. Prestige Beauty Total Department/Specialty, Makeup Sales, January– December 2022.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## BENEFIT'S TRADEMARKS AND THE ROLLER LASH TRADE DRESS

22.     Plaintiff has been using its ROLLER LASH and HOOK 'N ROLL trademarks in commerce in connection with mascara and a mascara brush, respectively, since at least as early as March 2, 2015.

23.     Plaintiff's ROLLER LASH mark is used in connection with Benefit's Roller Lash mascara (the "Roller Lash Mascara").

24.     Plaintiff's HOOK 'N' ROLL mark is used in connection with the mascara brush used in the Roller Lash Mascara. The mascara brush is designed to curl the eyelashes while simultaneously applying mascara product to darken and lengthen them. The HOOK 'N' ROLL mark is always used in connection with the ROLLER LASH mark.

25.     Plaintiff uses and owns the following federally-registered trademarks to identify its mascara product and associated mascara brush as detailed below:

| Reg. No. | Mark | Reg. Date | First Use in Commerce | Goods |
|---|---|---|---|---|
| 4752213 | ROLLER LASH | June 9, 2015 | March 2, 2015 | Class 3: Mascara; cosmetics |
| 4796514 | HOOK 'N' ROLL | August 18, 2015 | March 2, 2015 | Class 3: A makeup applicator sold as a component of cosmetics |

26.     The above U.S. registrations are valid, subsisting, and in full force and effect. True and correct copies of these registration certificates, obtained from the Trademark Electronic Search System ("TESS") database of the United States Patent and Trademark Office, are attached hereto as **EXHIBITS A and B**. The registrations constitute prima facie evidence of their validity and of Benefit's exclusive right to use these trademarks pursuant to 15 U.S.C. § 1057(b).

27.     Benefit also owns common law trademark rights in the ROLLER LASH and HOOK 'N' ROLL marks due to it its longstanding and continuous use of the unique and distinctive marks in commerce.

28.     Due to the immense success of Benefit and its Roller Lash Mascara, consumers recognize the ROLLER LASH and HOOK 'N' ROLL marks as linked to Benefit's premium quality mascara product.

29.     The ROLLER LASH and HOOK 'N' ROLL marks are inherently distinctive, and have acquired consumer goodwill and brand loyalty as evidenced by the awards and sales of the Roller Lash Mascara.

30.     Benefit has been using the ROLLER LASH and HOOK 'N' ROLL marks in connection with mascara since at least as early as 2015. As such, the ROLLER LASH and HOOK 'N' ROLL marks have also acquired distinctiveness and obtained secondary meaning when used in connection with the Roller Lash Mascara.

31.     Plaintiff  also owns common law trade dress rights in the  Roller Lash Trade Dress depicted below:



COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

32.     Benefit has been using the Roller Lash Trade Dress, consisting of a mascara tube with 1) a pink top, 2) a black base, and 3) pink lettering on the black portion of the product which matches the color of the pink top in commerce on its product since as early as 2015.

33.     Benefit sells a full-sized and mini version of the Roller Lash Mascara, each featuring the Roller Lash Trade Dress.

34.     Benefit owns common law trademark rights in the Roller Lash Trade Dress due to it its longstanding and continuous use of the unique and distinctive Roller Lash Trade Dress in commerce.

35.     Benefit consistently uses the Roller Lash Trade Dress on its Roller Lash Mascara, as well as in marketing materials for the Roller Lash Mascara, including on the websites where the Roller Lash Mascara is sold, in brick and mortar displays and advertisements, in print, online, and in social media advertising for the Roller Lash Mascara, and in connection with its advertising for "Value Sets" of multiple Benefit makeup products sold as a set, as shown below:

| Source | Image |
|---|---|
| Sephora.com Mobile Website |  |

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Ulta.com
Mobile
Website



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Benfit.com Value Kits |     |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

In-Store Display at Ulta Store



36.     Benefit also uses the Roller Lash Trade Dress on its related Roller Liner eyeliner product, which further emphasizes consumers' association between the Roller Lash Trade Dress and the Benefit brand.

37.     The Roller Lash Trade Dress is distinctive, non-functional, and communicates to consumers the source of the high-quality mascara product offered for sale by Benefit.

38.     Benefit has been using the Roller Lash Trade Dress in connection with mascara since at least as early as 2015. As such, the Roller Lash Trade Dress has also acquired distinctiveness and obtained secondary meaning when used in connection with the Roller Lash Mascara.

39.     The Roller Lash Trade Dress also identifies Benefit as the product source, as the Benefit brand uses pink and black coloring in its mascara product packaging, brand visuals, marketing materials, and brick and mortar display cases.

40.     Plaintiff's ROLLER LASH mark, HOOK 'N' ROLL mark, and Roller Lash Trade Dress are each used in connection with Benefit's Roller Lash Mascara. Benefit has invested significant time and resources in the development, marketing, and sale of the Roller Lash Mascara. The Roller Lash Mascara is a flagship product, and Benefit has enjoyed hundreds of millions of dollars in sales

– 10 –

of the Roller Lash Mascara since its launch in 2015.

41.     Due to the immense success of Benefit and its Roller Lash Mascara, consumers recognize the Roller Lash Trade Dress as linked to Benefit's premium quality mascara product.

42.     The Benefit IP is inherently distinctive, and has acquired consumer goodwill and brand loyalty as evidenced by the awards and sales of the Roller Lash Mascara.

## **DEFENDANT'S UNLAWFUL CONDUCT**

43.     Defendant markets, offers, and sells a variety of cosmetic products under the e.l.f. Cosmetics brand, including mascara.

44.     Defendant markets, offers, and sells a mascara product under the mark LASH 'N ROLL (the "Lash 'N Roll Mascara" or the "Infringing Product"), depicted below.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION
OF ORIGIN, AND UNFAIR COMPETITION

45.     On information and belief, on April 22, 2022, Defendant applied for the mark LASH 'N ROLL with the United States Patent and Trademark Office, United States Federal Trademark Application No. 97376233 (the "LASH 'N ROLL Application").

46.     Benefit's Roller Lash Mascara and Defendant's Lash 'N Roll Mascara are sold in stores that sell cosmetics throughout the United States. The Roller Lash Mascara and Defendant's Infringing Product are sold in some of the same retailers including, but not limited to, Ulta and Target stores.

47.     In or around January 2023, Benefit became aware that Defendant was selling mascara under the LASH 'N ROLL mark using the Roller Lash Trade Dress, which infringes the Benefit IP.

48.     As illustrated, Defendant's Infringing Product features: 1) a pink top, 2) a black base, and 3) pink lettering on the black portion of the product which matches the color of the pink top.

| Benefit: Roller Lash Mascara | e.l.f.: Lash 'N Roll Mascara |
|---|---|
|  |  |
| https://www.benefitcosmetics.com/en-us/product/roller-lash-curling-mascara?product=ROLLEEM01-FULL&sku=EM01 | https://www.elfcosmetics.com/lash-n-roll-mascara/300213.html?dwvar_300213_color=Black&cgi d=eyes-mascara#start=1 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

49.    Defendant is not affiliated or associated with Benefit and has never been authorized or licensed to use the Benefit IP in connection with the sale or offering for sale of any goods and services.

50.    As a matter of law, Defendant was on notice of Benefit's trademark rights in the ROLLER LASH and HOOK 'N' ROLL marks prior to offering for sale its infringing goods.

51.    Prior to filing this action, Benefit gave Defendant notice of its ownership of the Benefit IP, requested defendant cease and desist from its acts of infringement, and gave defendant actual notice of Plaintiff's registrations and common law rights. Defendant failed to cease its infringing activity upon being notified, and continues to manufacture and sell the Infringing Product.

52.    On information and belief, Defendant has intentionally manufactured, designed, and marketed its product to copy the Benefit IP and mislead consumers.

53.    On information and belief, Defendant began selling its Lash 'N Roll mascara incorporating the Benefit IP in December 2022.

54.    Defendant offers for sale an identical product (mascara) under its infringing LASH 'N ROLL mark and using the Roller Lash Trade Dress.

55.    Defendant is using the infringing mark and trade dress on its mascara product throughout the United States and globally.

56.    On information and belief, Defendant did not use the LASH 'N ROLL mark or the Roller Lash Trade Dress prior to December 2022, and filed the LASH 'N ROLL Application in April 2022, therefore there is no issue as to priority.

57.    On information and belief, Defendant uses different and distinguishable trade dress and trademarks on its other mascara and cosmetics products sold in the United States and globally. Thus, Defendant can make no claim to use of black and pink generally as a color scheme except in connection with the Infringing Product.

58.    Defendant's mascara product incorporates the Benefit IP, which is likely to confuse or mislead the consuming public into believing that Defendant's Infringing Product and Benefit's goods are affiliated or originate from the same source.

59.    As such, consumers across social media platforms, such as TikTok, Instagram, and YouTube, are calling Defendant's Lash 'N Roll Mascara a "dupe" or duplicate of Benefit's Roller

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 13 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Lash Mascara. "Dupes" are popular on social media, and reviews of "dupe" products often go viral on social media, gaining press and notoriety. On information and belief, Defendant intentionally created a "dupe" of the Roller Lash Mascara in order to trade off of the goodwill of Plaintiff's Roller Lash Mascara.

60.     Accordingly, Defendant's unauthorized use of the Benefit IP is with a deliberate intent to trade on the goodwill of the Benefit IP and Benefit brand name, and is a deliberate attempt to create a false impression as to source, sponsorship or affiliation of the Infringing Product.

61.     The goodwill that Benefit has built in its Roller Lash Mascara, Hook 'N' Roll mascara brush, the ROLLER LASH and HOOK 'N' ROLL trademarks, and the Roller Lash Trade Dress are jeopardized by Defendant's misappropriation of the Benefit IP to sell its own Infringing Product.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT - ROLLER LASH

### [15 U.S.C. § 1114]

62.     Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-61 as if fully set forth herein.

63.     Defendant's use of the LASH 'N ROLL mark is confusingly similar to Benefit's ROLLER LASH trademark, and is likely to confuse or deceive consumers into believing that Defendant's Infringing Product is affiliated with Plaintiff, or that the parties' goods originate from the same source.

64.     Defendant's LASH 'N ROLL mark is almost fully encompassed in Plaintiff's ROLLER LASH trademark. The dominant ROLL and LASH elements create the same or similar commercial impression.

65.     Due to Defendant's use of the LASH 'N ROLL mark on its Infringing Product, consumers will likely create the same mental image in connection with Defendant's infringing goods as they would for Plaintiff's ROLLER LASH mark. Thus, Defendant's unauthorized use of the ROLL and LASH elements of Plaintiff's ROLLER LASH trademark is likely to create consumer confusion as to source or origin of Defendant's goods.

66.     Furthermore, Defendant's LASH 'N ROLL mark is particularly likely to cause

consumer confusion, as Defendant blatantly combines Plaintiff's ROLLER LASH and HOOK 'N' ROLL trademarks to create its LASH 'N ROLL mark for its competing mascara product.

67.     Defendant's violation of Benefit's federal trademark rights in the ROLLER LASH trademark is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

68.     Defendant's unlawful and deceptive misappropriation of Plaintiff's registered ROLLER LASH trademark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

69.     Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined, Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including the ROLLER LASH trademark and brand.

## SECOND CAUSE OF ACTION

## TRADEMARK INFRINGEMENT -  HOOK 'N' ROLL

### [15 U.S.C. § 1114]

70.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-69 as if fully set forth herein.

71.     Defendant's use of the LASH 'N ROLL mark is confusingly similar to Benefit's HOOK 'N' ROLL trademark and is likely to confuse or deceive consumers into believing that Defendant's Infringing Product is affiliated with Plaintiff, or that the parties' goods originate from the same source.

72.     Defendant's LASH 'N ROLL mark is almost identical to Plaintiff's HOOK 'N' ROLL trademark due to the overlap in the 'N ROLL aspect of the marks. Moreover, both marks begin with a four-letter, monosyllabic word, making the sight, sound, and commercial impression of the mark highly similar.

73.     Due to Defendant's use of the LASH 'N ROLL mark on its Infringing Product, consumers will likely create the same mental image in connection with Defendant's infringing goods as they would for Plaintiff's HOOK 'N' ROLL mark. Thus, Defendant's unauthorized use of the 'N ROLL elements of Plaintiff's HOOK 'N' ROLL mark is likely to create consumer confusion as to source or origin of Defendant's goods.

74.     Furthermore, Defendant's LASH 'N ROLL mark is particularly likely to cause

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 15 –

consumer confusion, as Defendant blatantly combines Plaintiff's ROLLER LASH and HOOK 'N' ROLL trademarks to create its LASH 'N ROLL mark for its competing mascara product.

75.     Defendant's violation of Benefit's federal trademark rights in the HOOK 'N' ROLL trademark is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

76.     Defendant's unlawful and deceptive misappropriation of Plaintiff's registered trademark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

77.     Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined, Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including the HOOK 'N' ROLL trademark and brand.

## THIRD CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN - ROLLER LASH

### [15 U.S.C. § 1125(a)]

78.     Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-77 as if fully set forth herein.

79.     Benefit has been using the ROLLER LASH trademark in connection with mascara since at least as early as 2015.

80.     Defendant has misappropriated the ROLLER LASH trademark by using the mark LASH 'N ROLL on an identical product, and consumers will mistakenly associate Defendant's Infringing Product with Benefit, with the Roller Lash Mascara, and with the ROLLER LASH brand.

81.     Defendant's use of LASH 'N ROLL is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, nature and/or quality of Defendant's goods, thereby causing loss, damage, and injury to Benefit.

82.     Defendant's violation of Benefit's trademark rights in the ROLLER LASH mark is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

83.     By using the mark LASH 'N ROLL on its infringing goods, Defendant seeks to profit and otherwise benefit from Benefit's fame, brand reputation, and goodwill.

84.     Defendant's unlawful, deceptive, and misleading misappropriation of the ROLLER LASH trademark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

– 16 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

85.     Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including its ROLLER LASH trademark and brand.

## FOURTH CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN - HOOK 'N' ROLL

### [15 U.S.C. § 1125(a)]

86.     Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-85 as if fully set forth herein.

87.     Benefit has been using the HOOK 'N' ROLL brand in connection with mascara brushes since at least as early as 2015.

88.     Defendant has misappropriated the HOOK 'N' ROLL trademark by using the mark LASH 'N ROLL on mascara which incorporates a mascara brush, and consumers will mistakenly associate Defendant's Infringing Product with Benefit, with the Roller Lash Mascara, and with the HOOK 'N' ROLL brand.

89.     Defendant's use of LASH 'N ROLL is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, nature and/or quality of Defendant's goods, thereby causing loss, damage, and injury to Benefit.

90.     Defendant's violation of Benefit's trademark rights in the HOOK 'N' ROLL mark is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

91.     By using the mark LASH 'N ROLL on its Infringing Product, Defendant seeks to profit and otherwise benefit from Benefit's fame, brand reputation, and goodwill.

92.     Defendant's unlawful, deceptive, and misleading misappropriation of the HOOK 'N' ROLL trademark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

93.     Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including its HOOK 'N' ROLL trademark and brand.

**FIFTH CAUSE OF ACTION**

**TRADE DRESS INFRINGEMENT**

**[15 U.S.C. § 1125(a)]**

94.     Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-93 as if fully set forth herein.

95.     Benefit has been using the Roller Lash Trade Dress in connection with mascara since at least as early as 2015. As such, the Roller Lash Trade Dress has acquired distinctiveness and obtained secondary meaning when used in connection with the Roller Lash Mascara.

96.     Defendant has misappropriated the Roller Lash Trade Dress by using the identical or similar trade dress on an identical product, and consumers will mistakenly associate Defendant's Infringing Product with Benefit, with the Roller Lash Mascara, and with the Roller Lash Trade Dress.

97.     Defendant has unlawfully copied and misappropriated the Roller Lash Trade Dress by marketing the Infringing Product using 1) a pink top, 2) a black base, and 3) pink lettering on the black portion of the product which matches the color of the pink top.

98.     Defendant's use of the Roller Lash Trade Dress is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, nature and/or quality of Defendant's goods, thereby causing loss, damage, and injury to Benefit.

99.     Defendant's violation of Benefit's common law trademark rights in the Roller Lash Trade Dress is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

100.    By copying Benefit's Roller Lash Trade Dress on its Infringing Product, Defendant seeks to profit and otherwise benefit from Benefit's fame, brand reputation, and goodwill.

101.    Defendant's unlawful, deceptive, and misleading misappropriation of the Roller Lash Trade Dress constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

102.    Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including its Roller Lash Trade Dress.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**SIXTH CAUSE OF ACTION**

**CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT - ROLLER LASH**

103.     Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-102 as if fully set forth herein.

104.     Benefit has been using the ROLLER LASH trademark in connection with mascara since at least as early as 2015.

105.     Defendants' use of the LASH 'N ROLL trademark is confusingly similar to Benefit's ROLLER LASH trademark and is likely to confuse or deceive consumers into believing that Defendant's goods are affiliated with Plaintiff or originate from the same source.

106.     Defendant's LASH 'N ROLL mark is almost fully encompassed in Plaintiff's ROLLER LASH trademark. The dominant ROLL and LASH elements create the same or similar commercial impression.

107.     Due to Defendant's use of the LASH 'N ROLL mark on its Infringing Product, consumers will likely create the same mental image in connection with Defendant's infringing goods as they would for Plaintiff's ROLLER LASH mark. Thus, Defendant's unauthorized use of the ROLL and LASH elements of Plaintiff's ROLLER LASH trademark is likely to create consumer confusion as to source or origin of Defendant's goods.

108.     Furthermore, Defendant's LASH 'N ROLL mark is particularly likely to cause consumer confusion, as Defendant blatantly combines Plaintiff's ROLLER LASH and HOOK 'N' ROLL trademarks to create its LASH 'N ROLL mark for its competing mascara product.

109.     Given Benefit's reputation and goodwill in the global cosmetics industry, consumers will mistakenly associate Defendant's infringing goods consisting of the mark LASH 'N ROLL with Plaintiff's ROLLER LASH mark and Roller Lash Mascara product.

110.     Defendant's violation of Benefit's trademark rights in the ROLLER LASH trademark is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

111.     Defendant's unlawful, deceptive, and misleading misappropriation of Benefit's ROLLER LASH trademark constitutes trademark infringement of plaintiff's rights in the mark ROLLER LASH.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

112.    Benefit has no adequate remedy at law, and if Defendants' actions are not enjoined Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including its ROLLER LASH trademark and mascara brand.

### SEVENTH CAUSE OF ACTION

**CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT -  HOOK 'N' ROLL**

113.    Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-112 as if fully set forth herein.

114.    Benefit has been using the HOOK 'N' ROLL trademark in connection with mascara brushes since at least as early as 2015.

115.    Defendant's LASH 'N ROLL mark is almost identical to Plaintiff's HOOK 'N' ROLL trademark due to the overlap in the 'N ROLL aspect of the marks. Moreover, both marks begin with a four-letter, monosyllabic word, making the sight, sound, and commercial impression of the mark highly similar.

116.    Due to Defendant's use of the LASH 'N ROLL mark on its Infringing Product, consumers will likely create the same mental image in connection with Defendant's infringing goods as they would for Plaintiff's HOOK 'N' ROLL mark. Thus, Defendant's unauthorized use of the 'N ROLL elements of Plaintiff's HOOK 'N' ROLL mark is likely to create consumer confusion as to source or origin of Defendant's goods.

117.    Furthermore, Defendant's LASH 'N ROLL mark is particularly likely to cause consumer confusion, as Defendant blatantly combines Plaintiff's ROLLER LASH and HOOK 'N' ROLL trademarks to create its LASH 'N ROLL mark for its competing mascara product.

118.    Defendant's violation of Benefit's trademark rights in the HOOK 'N' ROLL trademark is knowing, deliberate, willful, intended to mislead, and in disregard of Benefit's rights.

119.    Defendant's unlawful, deceptive, and misleading misappropriation of Benefit's HOOK 'N' ROLL trademark constitutes trademark infringement of plaintiff's rights in the mark HOOK 'N' ROLL.

120.    Benefit has no adequate remedy at law, and if Defendants' actions are not enjoined Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including

– 20 –

its HOOK 'N' ROLL brand.

## **EIGHTH CAUSE OF ACTION**

### **CALIFORNIA COMMON LAW TRADE DRESS INFRINGEMENT**

121.    Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-120 as if fully set forth herein.

122.    Benefit has been using the Roller Lash Trade Dress in connection with mascara since at least as early as 2015. As such, the Roller Lash Trade Dress has acquired distinctiveness and obtained secondary meaning when used in connection with the Roller Lash Mascara.

123.    Defendant has misappropriated the Roller Lash Trade Dress by using the identical or similar trade dress on an identical product, and consumers will mistakenly associate Defendant's Infringing Product with Benefit, with the Roller Lash Mascara, and with the Roller Lash Trade Dress.

124.    Defendant has unlawfully copied and misappropriated the Roller Lash Trade Dress by marketing the Infringing Product using 1) a pink top, 2) a black base, and 3) and pink lettering on the black portion of the product which matches the color of the pink top.

125.    Defendant's use of the Roller Lash Trade Dress is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, nature and/or quality of Defendant's goods, thereby causing loss, damage, and injury to Benefit.

126.    Defendant's violation of Benefit's common law trademark rights in the Roller Lash Trade Dress is knowing, deliberate, willful, intended to mislead, and are in disregard of Benefit's rights.

127.    By copying Benefit's Roller Lash Trade Dress on its Infringing Product, Defendant seeks to profit and otherwise benefit from Benefit's fame, brand reputation, and goodwill.

128.    Defendant's unlawful, deceptive, and misleading misappropriation of the Roller Lash Trade Dress constitutes trade dress infringement.

129.    Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including its Roller Lash Trade Dress.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

### [CAL. BUS. & PROF. CODE § 17200]

130.     Plaintiff Benefit repeats and realleges the allegations set forth in Paragraphs 1-129 as if fully set forth herein.

131.     Defendant's misappropriation of the Benefit IP is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, nature and/or quality of Defendant's goods, thereby causing loss, damage, and injury to Benefit.

132.     Defendant's unlawful misappropriation of the Benefit IP constitutes trademark infringement, trade dress infringement, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200.

133.     Benefit has no adequate remedy at law, and if Defendant's actions are not enjoined, Benefit will suffer irreparable harm to its reputation and the associated goodwill of its brand, including its ROLLER LASH brand, HOOK 'N' ROLL brand, and the Roller Lash Trade Dress.

### PRAYER FOR RELIEF

WHEREFORE, Benefit requests entry of judgment against Defendant as follows:

1.     That Defendant, its affiliates, officers, agents, servants, employees, attorneys, dealers, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from offering for sale, promoting, and advertising products comprising the Benefit IP, or any mark, name, or trade dress confusingly similar to the Benefit IP;

2.     Requiring that Defendant surrender the LASH 'N ROLL Application and any other applications or registrations for any marks which are confusingly similar to the Benefit IP, and refrain from any future trademark filings for any marks which are confusingly similar to the Benefit IP;

3.     Requiring that Defendant surrender, pursuant to 15 U.S.C. § 1118 and/or 17 U.S.C. § 503, for destruction of the infringing goods, and all merchandise, advertisement and promotional materials, signage, and all other materials related to the Benefit IP, or any mark, name, or trade dress confusingly similar thereto, in any form or in any manner, or infringe upon the Benefit IP;

4.      As judgment ordering Defendant pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Benefit within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all use and/or ceased offering of the infringing goods as set forth above.

5.      Requiring that Defendant, pursuant to 15 U.S.C. § 1117, account to Benefit in the said report for any and all profits, gains, and advantages derived from the willful and unauthorized misappropriation of the Benefit IP, or any mark, name, or trade dress confusingly similar to the Benefit IP;

6.      Requiring that Defendant, pursuant to 15 U.S.C. § 1117, pay to Benefit all profits obtained by Defendant based on its unlawful, willful and unauthorized misappropriation of the Benefit IP, or any mark, name, or trade dress confusingly similar to the Benefit IP;

7.      Awarding compensatory, consequential, statutory, special, and/or punitive damages, including treble damages, to Benefit in an amount to be determined at trial;

8.      Awarding to Benefit its costs and disbursements incurred in this action, including reasonable attorneys' fees; and

9.      Awarding any and all other relief that this Court deems just and equitable.


Dated:  February 24, 2023

REED SMITH LLP


By: /s/ Seth B. Herring
    Seth B. Herring (SBN 253907)
    Katrina M. Kershner (SBN 294045)
    Eryn N. Terry (SBN 340865)

    Attorneys for Plaintiff
    BENEFIT COSMETICS LLC

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

# EXHIBIT A



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri Feb 24 04:07:21 EST 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   **List At:** [ ] OR Jump to record: [ ]   **Record 1 out of 2**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# ROLLER LASH

| | |
|---|---|
| **Word Mark** | **ROLLER LASH** |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: mascara; cosmetics. FIRST USE: 20120302. FIRST USE IN COMMERCE: 20150302 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85592597 |
| **Filing Date** | April 9, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 26, 2013 |
| **Registration Number** | 4752213 |
| **International Registration Number** | 1131861 |
| **Registration Date** | June 9, 2015 |
| **Owner** | (REGISTRANT) Benefit Cosmetics LLC LIMITED LIABILITY COMPANY DELAWARE 595 Market St., 30th FL San Francisco CALIFORNIA 94105 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LASH" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri Feb 24 04:07:21 EST 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# HOOK 'N' ROLL

| | |
|---|---|
| **Word Mark** | HOOK 'N' ROLL |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: a makeup applicator sold as a component of cosmetics. FIRST USE: 20140516. FIRST USE IN COMMERCE: 20150302 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86312248 |
| **Filing Date** | June 17, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 11, 2014 |
| **Registration Number** | 4796514 |
| **International Registration Number** | 1259866 |
| **Registration Date** | August 18, 2015 |
| **Owner** | (REGISTRANT) Benefit Cosmetics LLC LIMITED LIABILITY COMPANY DELAWARE 595 Market St., FL 30 San Francisco CALIFORNIA 94105 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY