UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENEFIT COSMETICS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E.L.F. COSMETICS, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-00861-RS<br><br>**ORDER DENYING PARTIAL MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Benefit Cosmetics LLC ("Benefit") brings this action against Defendant e.l.f. Cosmetics, Inc. ("e.l.f."), alleging Defendant has infringed on intellectual property associated with Plaintiff's Roller Lash Mascara. The Complaint asserts nine claims for relief under federal and state law for trademark infringement, trade dress infringement, false designation of origin, and unfair competition. Defendant moves to dismiss only the federal and state trade dress claims. For the reasons discussed below, the motion is denied.

## II. BACKGROUND[1]

Benefit and e.l.f. are both global cosmetics companies that sell competing mascara products both online and in-store in some of the same retailers. Since as early as March 2015,

---

[1] The factual background in this section is based on the averments in the Complaint, which must be taken as true for purposes of the motion to dismiss. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018).

1  Benefit has been using its registered Roller Lash and Hook 'N' Roll trademarks in connection with
2  mascara and a mascara brush respectively. Benefit describes the Roller Lash Trade Dress as
3  consisting of a mascara tube with (1) a pink top, (2) a black base, and (3) pink lettering on the
4  black portion of the product which matches the color of the pink top. Dkt. 1 ("Compl.") ¶ 7. The
5  Complaint also features a product image of the Roller Lash Trade Dress. *Id.* ¶ 31.



Benefit maintains that in January 2023 it became aware that e.l.f. was selling mascara under e.l.f.'s Lash 'N Roll mark using Benefit's Roller Lash Trade Dress. It thereafter notified e.l.f. of its registered trademark and common law trade dress rights and requested e.l.f. cease and desist from its acts of infringement. Because e.l.f. continued selling its Lash 'N Roll mascara, Benefit filed suit. The Complaint raises nine claims for relief, including two trade dress claims: one for federal trade dress infringement in violation of 15 U.S.C. § 1125(a), and one for California common law trade dress infringement. Defendant now moves to dismiss these two trade dress claims under Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

#### A. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a

complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B. Trade Dress Claims**

Section 43(a) of the federal Lanham Act provides a cause of action for the unauthorized use by any person of "any word, term, name, symbol or device, or any combination thereof" which is "likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods." 15 U.S.C. § 1125(a). State trademark claims are "substantially congruent" with federal claims under the Lanham Act and are analyzed under the same framework. *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1099, 1100 (9th Cir. 2004). To prevail on such claims, a plaintiff must prove (1) the claimed dress is nonfunctional; (2) the claimed dress serves a source-identifying role because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001). Due to the intensely factual nature of unregistered trade dress claims, a plaintiff must also clearly articulate its claimed trade dress to give a defendant sufficient notice. *Sleep Sci. Partners v. Lieberman*, No. 09-4200 CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010).

**IV. DISCUSSION**

Defendant's motion advances three arguments for dismissal of the trade dress claims. Defendant asserts that (1) Benefit failed to plead adequately that its alleged trade dress is nonfunctional; (2) Benefit failed adequately to aver secondary meaning; and (3) Benefit failed to provide a complete and accurate recitation of the alleged trade dress. All three arguments are unavailing, and each is addressed in turn.

### A. Functionality

Defendant first moves to dismiss by challenging the adequacy of Plaintiff's pleading as to nonfunctionality. As a threshold matter, only nonfunctional designs may be protected under trade dress. *Clicks Billiards*, 251 F.3d at 1258. Defendant contends Plaintiff's allegations that its trade dress is nonfunctional are conclusory, and specifically avers that Plaintiff failed to plead sufficiently the existence of alternative designs. This contention is unfounded.

Functionality is split into two types, each subject to a different legal test. *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 865 (9th Cir. 2020). Utilitarian functionality relates to how well the product works, and it is evaluated under the four *Disc Golf* factors: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998). Alternatively, aesthetic functionality considers whether recognizing rights in a trade dress would impose significant non-reputation-related competitive disadvantages on other sellers. *Blumenthal*, 963 F.3d at 865. Under either test, functionality is a question of fact that is determined upon consideration of the trade dress as a whole. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9th Cir. 1987). The Ninth Circuit considers both standards in evaluating trade dress claims. *Millennium Lab'ys, Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1128–29 (9th Cir. 2016).

Plaintiff has pleaded sufficiently how its Roller Lash Trade Dress is nonfunctional by alleging facts related to the existence of alternative designs. The existence of feasible and cost-equivalent alternative designs suggests a trade dress is nonfunctional under either functionality inquiry. *See Disc Golf*, 158 F.3d at 1006; *Blumenthal*, 963 F.3d at 865. In the Complaint, Benefit alleges e.l.f. uses "different and distinguishable" trade dress on its other mascara products and includes product images of Benefit's mascara products which do not use the claimed trade dress. Compl. ¶¶ 57, 35. These allegations are sufficient to infer that Plaintiff and Defendant have both packaged mascara products using alternative trade dresses and suggests that mascara may be

1    packaged in "many ways" that are "not necessarily functional." *Millennium Lab'ys*, 817 F.3d at
2    1130–31. Although Defendant argues these allegations are insufficient because they do not
3    explicitly articulate that there are "wide and varied ways to design mascara tubes," it is reasonable
4    to infer that such variation exists from the facts alleged. Dkt. 24 ("Reply"), at 4. Therefore,
5    Plaintiff has pleaded sufficiently the existence of alternative designs to support its allegation that
6    the trade dress is nonfunctional.

7          The remaining *Disc Golf* and aesthetic functionality considerations also support the
8    conclusion that Plaintiff has pleaded nonfunctionality as to the Roller Lash Trade Dress. It is not
9    alleged that the pink and black color combination or corresponding lettering on Benefit's trade
10   dress yields any utilitarian advantage, that its advertising touts such advantage, or that the design
11   results from a particularly simple or inexpensive method of production. *See Disc Golf*, 158 F.3d at
12   1006. Similarly, there is no reason to infer that recognizing a right in the Roller Lash Trade Dress
13   would hinder competition and force competitors to turn to alternative trade dresses that are more
14   costly, undesirable, or that consumers would be less willing to purchase. *See Blumenthal*, 963 F.3d
15   at 865. Drawing all reasonable inferences in its favor, Plaintiff has alleged sufficiently its trade
16   dress is nonfunctional, and thus Defendant's first ground does not warrant dismissal.

**B. Secondary Meaning**

18         Defendant similarly challenges the adequacy of Plaintiff's pleading as to secondary
19   meaning. Secondary meaning is acquired when the purchasing public associates a product's trade
20   dress with a single producer rather than just the product itself. *First Brands Corp. v. Fred Meyer,*
21   *Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987). Defendant argues Plaintiff has failed "to allege any
22   facts to show that consumers associate its alleged trade dress in the Roller Lash mascara with
23   Benefit as the source." Dkt. 18 ("Mot."), at 11. To the extent the Complaint includes allegations
24   regarding the duration of use, investment, and marketing efforts undertaken by Plaintiff,
25   Defendant asserts they are insufficient to support an inference that Plaintiff's trade dress has
26   obtained secondary meaning. By the same token, Defendant argues that Plaintiff has failed to
27   show a "nexus" between its investments and sales and the alleged trade dress. Reply at 5.

Defendant's contentions are unpersuasive, primarily because the Ninth Circuit has consistently held that allegations relating to the duration of use, sales, and promotional activities, such as those Plaintiff alleges, may be sufficient to support an inference of secondary meaning. *See, e.g.*, *Clamp Mfg. Co. v. Enco Mfg. Co.*, 870 F.2d 512, 517 (9th Cir. 1989); *First Brands Corp.*, 809 F.2d at 1383; *see also Filipino Yellow Pages Inc. v. Asian J. Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) (factors 3 to 6). The Complaint contains detailed factual allegations relating to seven years of consistent use, Benefit's widespread investment in and advertising of the Roller Lash Mascara featuring the claimed dress, awards and brand loyalty occasioned, and hundreds of millions of dollars in sales. Compl. ¶¶ 32, 35, 40, 42. The "nexus" between Benefit's investments and the alleged trade dress, or the effectiveness of the investment and advertising in linking its trade dress with Benefit as the product source, may reasonably be inferred from these allegations. Additionally, Plaintiff's express allegation that the Roller Lash Trade Dress has acquired secondary meaning and that "consumers recognize the Roller Lash Trade Dress as linked to Benefit's premium quality mascara product" is sufficient at the pleading stage to support an inference that the public has come to associate the Roller Lash Trade Dress with Benefit as the product source. Compl. ¶¶ 38, 41. Therefore, Defendant's contention that Plaintiff has failed to allege that the Roller Lash Trade Dress has acquired secondary meaning is unfounded and similarly does not warrant dismissal.

### C. Complete and Accurate Recitation

Finally, Defendant raises two arguments for why Plaintiff has not provided a sufficiently detailed and accurate description of the alleged trade dress: (1) the written description of the color of the mascara top as "pink" is inconsistent with the product image which depicts another color that "is not pink," and (2) the written description of the trade dress is "different from, and irreconcilable with" the product image, which includes "dominant and distinctive" features the description lacks. Mot. at 9–10. Defendant asserts this second point "leaves the irreconcilable questions" of whether these "dominant and distinctive" features are part of the alleged trade dress. *Id.* at 10. It thus contends it has not been put on adequate notice of the infringement.

Defendant's first argument, while somewhat interesting, does not compel dismissal. In essence, Defendant claims that Plaintiff has inaccurately described one of the colors in the Roller Lash Trade Dress as "pink" because the product fails to blend into the presumably "pink" background of an advertising image included in the Complaint. *See* Compl. ¶ 35 tbl. However, accepting this argument would require accepting Defendant's narrow view that one is "pink" and the other is not. This is both a conclusion of fact that is inappropriate to resolve now and a facially unsound contention given the more commonsense view that both can be considered shades of pink. *Cf. In re Cook Med. Techs. LLC*, 105 U.S.P.Q. 2d 1377, 1384, 2012 TTAB LEXIS 496, at *26 (T.T.A.B. 2012) ("[I]n the present case, the mark is described only as the color 'blue' (applied to a certain part of the goods), and therefore we have considered the mark to be for any shade that would fall under the general term 'blue.'"). Plaintiff is under no requirement to describe the colors in the trade dress using anything other than ordinary language, nor even to specify any particular shade or hue. The main question for the purpose of evaluating the Complaint is simply whether the description, "examined in light of the photographs [Plaintiff] has submitted, is so imprecise that it fails to articulate a legally cognizable trade dress." *The Black & Decker Corp. v. Positec USA Inc.*, No. 11-cv-5426, 2015 WL 4183775, at *2 (N.D. Ill. July 10, 2015). The answer is plainly no, and the more salient question — whether the reasonable consumer would "be likely to be confused by the similar color as to source, sponsorship, affiliation, or approval" — is to be determined at a later stage. 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 7:45.70 (5th ed.), Westlaw (database updated June 2023) (discussing "shade confusion").

Defendant's second argument, although more persuasive, is also unavailing. While Benefit defines its trade dress in reference to both the pictures and the written description, it may be reasonably inferred that the trade dress claim is limited to the features of the design articulated in the written description, with the product image serving as a visual aid in "depict[ing] how the elements come together to form the claimed trade dress." *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSX), 2015 WL 12731929, at *4 (C.D. Cal. May 8, 2015). The written description clearly defines the boundaries of the trade dress and states with

particularity which of the features visible in the product image constitute Benefit's alleged dress. As the claimed features are consistent in both the written description and the product image, Defendant has received sufficient notice of the components of the alleged trade dress. Further, although Defendant correctly notes that the written description omits certain features visible in the product image — namely, "a repeating three-dimensional recessed diamond pattern and an intermediate and protruding band of ridges" — Defendant concedes that a trade dress claim need not include all features visible on a product and cites no authority imposing such a requirement. *See* Reply at 1–2. In fact, in *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, a court in the Ninth Circuit found the plaintiff had described the relevant trade dress with sufficient particularity even though the written description omitted several notable features visible in the product image. 2015 WL 12731929 at *4. Defendant's characterization of the omitted features as "dominant and distinctive," Mot. at 10, does not change this analysis.

The trade dress description included in the Complaint is adequately detailed to put Defendant on notice of the alleged infringement, and Defendant's general assertion that it has not received adequate notice is implausible. To the extent Defendant is concerned that the omitted features will be claimed as part of Plaintiff's trade dress as the case progresses, Plaintiff is not entitled unilaterally to change its claimed trade dress beyond what it has articulated in the Complaint. Thus, Plaintiff has stated with sufficient specificity the components of its alleged trade dress, and Defendant's third ground does not warrant dismissal.

## V. CONCLUSION

For the reasons discussed above, Defendant's partial motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated: July 7, 2023

RICHARD SEEBORG
Chief United States District Judge