UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BENEFIT COSMETICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>E.L.F. COSMETICS, INC.,<br><br>    Defendant. | Case No. 23-cv-00861-RS (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 58 |

The defendant wants to take depositions of third parties, resulting in eighteen depositions, in excess of the ten-deposition limit. The parties could not agree; leave of court thus is required. Fed. R. Civ. P. 30(a)(2)(A)(i).[1] The court can decide the issue without oral argument (especially given the looming discovery cutoff of February 29, 2024).[2] N.D. Cal. Civ. L. R. 7-1(b). The court grants leave, consistent with Rule 26(b)(1) and (2), subject to the limits set forth below. Fed. R. Civ. P. 30(a)(2).

The third parties have information relevant to third-party use of the trade dress at issue in the litigation. The court cannot say that it is cumulative: the plaintiff apparently was unaware of third-

---

[1] Disc. Letter Br. – ECF No. 58. Citations refer to the electronic case file (ECF); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Order – ECF No. 60.

ORDER – No. 23-cv-00861-RS (LB)

party use of the trade dress.[3] The main issue is that it is late in the game: the plaintiff has taken only three depositions, and that means that fourteen depositions of third parties are needed.[4] The court thinks that issue can be resolved by scheduling video depositions that are limited in scope (two to three hours) and putting an outside limit on the total number of hours (fifteen). (The defendant did not say why fourteen depositions are needed: at some point, the defendant will have made its point.) The depositions must be scheduled in an efficient matter to avoid an excessive drag on the plaintiff four weeks before the close of discovery.

By Monday, February 5, 2024, the defendant must propose its schedule in chart form (name, date of deposition, and hours) with a blank column for the plaintiff's response. This should result in the defendant's prioritization of what it actually needs to accomplish. By Tuesday, February 6, 2024, the parties must confer at least by video deposition or telephone. If there are disputes, the parties can raise them (and include the chart) in a joint letter.

This disposes of ECF No. 58.

**IT IS SO ORDERED.**

Dated: February 3, 2024

LAUREL BEELER
United States Magistrate Judge

---

[3] Disc. Letter Br. – ECF No. 58 at 3.

[4] *Id.* at