ANTHONY F. LO CICERO (*admitted pro hac vice*)
　alocicero@ARELAW.com
CHESTER ROTHSTEIN (*admitted pro hac vice*)
　crothstein@ARELAW.com
RICHARD MANDARO (*admitted pro hac vice*)
　rmandaro@ARELAW.com
CHRISTOPHER LISIEWSKI (*admitted pro hac vice*)
　clisiewski@ARELAW.com
AMSTER ROTHSTEIN & EBENSTEIN LLP
405 Lexington Avenue, 48th Floor
New York, New York 10174
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

STEPHEN C. STEINBERG (SBN 230656)
　ssteinberg@bzbm.com
BARTKO LLP
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

*Attorneys for Defendant e.l.f. Cosmetics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BENEFIT COSMETICS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E.L.F. COSMETICS, INC.,<br><br>　　　　Defendant. | Case No. 3:23-cv-00861-RS<br><br>**DECLARATION OF ANTHONY F. LO CICERO IN SUPPORT OF BENEFIT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT NO. 79]**<br><br>Hearing Date:　July 18, 2024<br>Time:　　　　1:30 p.m.<br>Courtroom:　3<br><br>Judge:　　　Hon. Richard Seeborg |

I, Anthony F. Lo Cicero, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice before this Court. I am an attorney at Amster, Rothstein & Ebenstein LLP, attorneys of record for Defendant e.l.f. Cosmetics, Inc. ("e.l.f."). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Dkt. No. 79 – Plaintiff Benefit Cosmetics LLC's ("Benefit") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Administrative Motion") pursuant to Civil Local Rules 7-11 and 79-5 filed in connection with: (1) Benefit's Motion to Exclude Opinions of Victoria Colby, Glenn May, and Sarah Butler ("Motion to Exclude"), and exhibits filed in support thereof; and (2) Benefit's Motion to Strike Portions of Expert Reports and Testimony ("Motion to Strike"), and exhibits filed in support thereof (collectively, "Benefit's Motions").

2. E.l.f. respectfully requests that the following documents and/or information filed in connection with Benefit's Motion to Exclude be sealed as follows:

| Document | Portions to Be Filed Under Seal | Confidential Information Contained in the Document |
|---|---|---|
| **Benefit's Motion to Exclude** | Highlighted/redacted portions on pages 1, 3-5, 7, 10, 13-14 | The highlighted/redacted portions of the document reflect references to Highly Confidential – Attorneys' Eyes Only ("AEO") documents, which include descriptions of, and references and citations to, e.l.f.'s sensitive internal business plans, dealings, strategies, and communications that are not in the public record. |
| **Declaration of Seth Herring in support of Motion to Exclude ("Herring Decl. 1"), Ex. 3** | Entire Exhibit | The document includes descriptions of, and references and citations to, e.l.f.'s AEO material that references sensitive internal business plans, dealings, strategies, and communications that are not in the public record. |

| | | |
|---|---|---|
| **Herring Decl. 1, Ex. 4** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 5** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 6** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 7** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 8** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 9** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 10** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 11** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 12** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 14** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 16** | Entire Exhibit | Same as above. |
| **Herring Decl. 1, Ex. 29** | Entire Exhibit | Same as above. |

3.  Additionally, e.l.f. respectfully requests that the following documents and/or information filed in connection with Benefit's Motion to Strike be sealed as follows:

| **Document** | **Portions to Be Filed Under Seal** | **Confidential Information Contained in the Document** |
|---|---|---|
| **Benefit's Motion to Strike** | Highlighted/redacted portions on pages 8-10, 12-13, 15 | The highlighted/redacted portions of the document reflect references to AEO documents, which include descriptions of, and references and citations to, e.l.f.'s sensitive internal business plans, dealings, strategies, and communications that are not in the public record. |
| **Declaration of Seth Herring in support of Motion to Strike ("Herring Decl. 2"), Ex. 2** | Highlighted/redacted portions on pages 62-63, 67, 94 | Same as above. |

| | | |
|---|---|---|
| **Herring Decl. 2, Ex. 3** | Entire Exhibit | The document includes descriptions of, and references and citations to, e.l.f.'s AEO material that references sensitive internal business plans, dealings, strategies, and communications that are not in the public record. |
| **Herring Decl. 2, Ex. 4** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 6** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 9** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 12** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 13** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 14** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 15** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 16** | Entire Exhibit | Same as above. |
| **Herring Decl. 2, Ex. 17** | Entire Exhibit | Same as above. |

4. In the context of non-dispositive motions, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). It is settled law that there is a compelling reason for courts to prevent public disclosure of "sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

5. Good cause and compelling reasons exist for sealing the above documents and/or information, and I am not aware of a less restrictive alternative to sealing that would be sufficient. The documents and/or information are confidential and contain competitively sensitive information, including without limitation e.l.f's non-public business related and proprietary information which is sensitive, otherwise maintained in confidence, and not revealed to third

parties.  E.l.f. keeps this information confidential and does not disclose this information to third parties given the potential to compromise e.l.f.'s competitive position.  E.l.f. has marked and maintained the documents in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the parties' Stipulated Protective Order entered by this Court on July 21, 2023, Dkt. No. 39.

6. Courts in this District have previously found that the type of information that e.l.f. seeks to seal, particularly that which implicates e.l.f.'s "business plans, dealings and strategies," is properly kept under seal, even under the higher "compelling reasons" standard applied to dispositive motions.  *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *see also*, *e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding compelling reasons for courts to prevent public disclosure of "sources of business information that might harm a litigant's competitive standing"); *IMPINJ, Inc., v. NXP USA, Inc.*, No. 19-cv-03161-YGR, 2023 WL 5174286, at *13 (N.D. Cal. May 22, 2023), *on reconsideration in part*, 2023 WL 5174283 (N.D. Cal. June 28, 2023) (granting in part motions to seal "private documents submitted in connection with non-dispositive motions" because the materials "contain[ed] sensitive, confidential information that could harm [the parties'] business interests if made public").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2024, at New York, New York.

By: */s/ Anthony F. Lo Cicero*
　　　Anthony F. Lo Cicero (*admitted pro hac vice*)
　　　**AMSTER ROTHSTEIN & EBENSTEIN LLP**
　　　405 Lexington Avenue, 48th Floor
　　　New York, New York 10174
　　　Telephone: (212) 336-8000
　　　Facsimile: (212) 336-8001

　　　*Attorneys for Defendant e.l.f. Cosmetics, Inc.*

**ATTESTATION OF E-FILER**

The undersigned ECF user whose identification and password are being used to file the foregoing document hereby attests that all signatories herein, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 20, 2024　　　　　　　　　　　　　　/s/ *Stephen C. Steinberg*
　　　　　　　　　　　　　　　　　　　　　　　　Stephen C. Steinberg